Gabriel Del Virginia, Esq.

LAW OFFICES OF GABRIEL DEL VIRGINA

880 Third Avenue-13thFloor,

New York, New York 10022.

212-371-5478-Telephone

212-371-0460-Telefacsimile

646-408-8216-Mobile

gabriel.delvirginia@verizon.net


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
In re                                              Chapter 11

VIVARO CORPORATION, et al.,                        Case No. 12-13810 (MG)

      Debtors.                              (Jointly Administered)
-----------------------------------x
VIVARO CORPORATION, et al.

      Plaintiff,

  - against -                                    Adv. Pro. No. 14-___ (MG)

FIRST QUALITY MAINTENANCE

      Defendant
-----------------------------------x

**COMPLAINT TO AVOID AND
RECOVER PREFERENTIAL TRANSFERS**

      Plaintiffs, Vivaro, STI Prepaid, LLC, Kare Distribution, Inc., STi Telecom, Inc., TNW Corporation, STi CC I, LLC, and STi CC II, LLC (collectively, "Plaintiffs," or the "Debtors"), by their attorneys, Law Offices of Gabriel Del Virginia, as special counsel, hereby file this *Complaint to*

HF 8912619v.1

*Avoid and Recover Preferential Transfers*, and in support thereof, state as follows:

## NATURE OF THE ACTION

1. This is an adversary proceeding brought in the above-captioned bankruptcy case pursuant to sections 547, 550 and 551 of title 11 of the United States Code (the "Bankruptcy Code") seeking to avoid certain preferential transfers made by one or more of the Debtors to First Quality Maintenence (the "Defendant") and to recover the value thereof.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b), and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). The Debtors consent to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

4. Venue of this case and this adversary proceeding in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**THE PARTIES**

5. The Debtors are business entities with their corporate headquarters in New York, New York.

6. On information and belief, the Defendant is a New York, Corporation with an address at 70 West 36th Street, New York, NY 10018

**BACKGROUND**

7. On September 5, 2012 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 the Bankruptcy Code in this Court, and orders for relief under section 301 of the Bankruptcy Code were entered in these cases (the "Chapter 11 Cases").

8. The Chapter 11 Cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

9. The Debtors have been authorized to remain in possession of their property and to continue in the operation and management of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10. Prior to the Petition Date, the Debtors produced, marketed and sold prepaid international calling cards for consumer end-users, primarily in the Hispanic community.

## THE TRANSFERS

11. On information and belief the Defendant provided office cleaning services prior to the Petition Date, pursuant to an agreement between the parties ("Agreement").

12. On or within 90 days prior to the Petition Date (the "Preference Period"), one or more of the Debtors made one or more transfers to or for the benefit of the Defendant as set forth on Exhibit "A" annexed hereto.

13. Exhibit "A" reflects the Debtors' present knowledge of the transfers made to the Defendant by the Debtors during the Preference Period. During the course of this proceeding, the Debtors may learn (through discovery or otherwise) of additional transfers made by the Debtors to the Defendant during the Preference Period. The Debtors are seeking to avoid and recover all such transfers, whether such transfers presently are reflected on Exhibit "A" or not. Collectively, all transfers made by the Debtors of an interest of the Debtors' property to or for the benefit of the Defendant during the Preference Period (whether such transfers presently are reflected in Exhibit "A" hereto or not) are referred to herein as the "Transfers."

14. The Transfers were made by one or more of the Debtors on the date indicated on Exhibit "A" and by the method(s) indicated on Exhibit "A".

15. The Transfers were made on account of on account of the Debtors obligations under the Agreement.

16. On or about July 3, 2013 the Debtors sent a letter to the Defendant (the "Demand Letter") demanding the return of the Transfers to the Debtors. As of the date hereof, the Defendant has not returned the Transfers to the Debtors.

**FIRST CAUSE OF ACTION**
**(Avoidance and Recovery of Preferential**
**Transfers Under 11 U.S.C. §§ 547(b), 550(a) and 551)**

17. The Debtors repeat and reallege paragraphs "1" through "15" hereof as if fully set forth herein.

18. The Transfers were made within 90 days prior to the Petition Date.

19. The Transfers were transfers of an interest of the Debtors in property.

20. The Transfers were made to or for the benefit of the Defendant, a creditor of the Debtor.

21. The Transfers were made for or on account of antecedent debts owed to the Defendant by the Debtors before such Transfers were made.

22. Section 547(f) of the Bankruptcy Code states, in relevant part, that "[f]or the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f).

23. The Transfers were made while the Debtors were insolvent.

24. The Transfers enabled the Defendant to receive more than the Defendant would receive if (i) the Debtors cases were cases under chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) the Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

25. The Transfers constitute preferential transfers which should be avoided as preferences pursuant to section 547 of the Bankruptcy Code, and are recoverable from the Defendant, the (a) initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made, or (c) the immediate or mediate transferee of an initial transferee, pursuant to section 550 of the Bankruptcy Code.

**SECOND CAUSE OF ACTION**
**(Avoidance and Recovery of Transfers as**
**Improvement in Position Under 11 U.S.C. §§ 553(b) and 550(a))**

26. The Debtors repeat and reallege paragraphs "1" through "24" hereof as if fully set forth herein.

27. As of ninety (90) days prior to the Petition Date, and at all relevant times prior to and including the Petition Date, the Defendant was a creditor of one or more of the Debtors. During the Preference Period, the Defendant held a claim against one or more of the Debtors.

28. Section 553(c) of the Bankruptcy Code states, in relevant part, that "[f]or the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 553(c).

29. The Defendant improved its position through one or more of the Transfers because the amount of the insufficiency on the date of each setoff was less than the insufficiency on the later of ninety (90) days prior to the Petition Date and the first date during the Preference Period on which there was an insufficiency. For the purposes of this Cause of Action, insufficiency means the amount by which any claims asserted by the Defendant against one or more of the Debtors exceeded any mutual debt owing to one of more of the Debtors by the Defendant.

30. The safe harbor provisions of the Bankruptcy Code do not apply to the Transfers.

31. Pursuant to section 553(b) of the Bankruptcy Code, the Defendant is liable for the amount by which one or more of the Transfers enabled it to improve its credit position with respect to one or more of the Debtors during the Preference Period.

32. The Transfers are avoidable as impermissible improvements in position pursuant to section 553(b) of the

Bankruptcy Code, and accordingly, pursuant to section 550(a) of the Bankruptcy Code, the Debtors are entitled to recover from the Defendant the value of the Transfers for the benefit of the Debtors' estates.

### THIRD CAUSE OF ACTION (Disallowance of Claims Under 11 U.S.C. § 502(d) & (j))

33. The Debtors repeat and reallege paragraphs "1" through "24" hereof as if fully set forth herein.

34. The Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Code.

35. The Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

36. The Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

37. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendant and/or its assignee, against the Debtors' estates must be disallowed until such time as Defendant pays to the Debtors all amounts sought for the recovery of the Transfers.

38. Pursuant to section 502(j) of the Bankruptcy Code, any and all previously allowed claims of the Defendant

and/or its assignee against the Debtors' estates must be disallowed until such time as the Defendant pays to the Debtors all amounts sought for the recovery of the Transfers.

**WHEREFORE**, for the foregoing reasons, the Debtors respectfully request the following relief:

A.  That the Transfers be avoided;

B.  That judgment be entered in favor of the Debtors and against the Defendant, in an amount at least $6,705.00 such additional transfer amounts that the Debtors learn, through discovery or otherwise, were made by the Debtors to the Defendant during the Preference Period), plus interest at the legal rate from the date of the Transfers, together with all costs of this action;

C.  *That any and all claims of the Defendant against the Debtors' estates* be disallowed pursuant to sections 502(d) and 502(j) of the Bankruptcy Code; and

D. That the Debtors be granted such other and further relief as is just and proper

Dated: New York, New York
September 2, 2014

    LAW OFFICES OF GABRIEL DEL VIRGINIA
    Special Litigation Counsel for the Debtors
    and Debtors in Possession.


    By: /s/ Gabriel Del Virginia
    Gabriel Del Virginia (GDV-4951)
    880 Third Avenue-13th Floor,
    New York, New York 10022.
    Tel: (212) 371-5478
    Fax: (212) 371-0460
    gabriel.delvirginia@verizon.net

**EXHIBIT "A"**

**LIST OF TRANSFERS**

**Attachment A**

**Preference recipient:**  FIRST QUALITY MAINTENANCE

**Payments Received During Preference Period:**

| Debtor | Date of Payment | Payment Amount |
|---|---|---|
| STI Prepaid | 6/21/12 | $1,772.45 |
| STI Prepaid | 7/27/12 | $3,438.14 |
| STI Prepaid | 8/2/12 | $1,494.36 |
| Total Payments | | $6,704.95 |

**Value of Minutes Transferred to Recipient as Payment for Antecedant Debt During Preference Period:**

| Debtor | Billing Period | Invoice Number | Minutes Transferred | Value of Minutes Transferred |
|---|---|---|---|---|
| | | | | None |